UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASMINE CLARK and SIMONE LEGREE, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>INTELENET AMERICA LLC (now known as Teleperformance Business Services US, LLC),<br><br>Defendant. | Case No. 2:18-cv-14052-MCA-JSA |
| ANJELICA PICKETT, MINDY CHURCH, AND TAYLOR FETT, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>INTELENET AMERICA LLC (now known as Teleperformance Business Services US, LLC),<br><br>Defendant. | Case No. |

STIPULATION OF SETTLEMENT

58220421;1

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement is made by and between the Class Representatives (as defined below) on behalf of themselves and the class of individuals that they seek to represent, and Defendant Intelenet America, LLC, now known as Teleperformance Business Services US, LLC ("Intelenet") to fully and completely settle *Jasmine Clark and Simone Legree v. Intelenet America, LLC*, Case No. 2:18-cv-14052-MCA-JSA (D.N.J.) and *Anjelica Pickett, Mindy Church, and Taylor Fett v. Intelenet America, LLC*, Case No. 2:19-cv-04574-PBT (E.D. Pa.) (collectively, the "Litigation").

WHEREAS, in the Litigation, the Class Representatives, on behalf of themselves and all other similarly situated individuals, have asserted claims under federal and state wage and hour laws and common law for allegedly unpaid wages, liquidated damages, penalties, attorneys' fees and costs, interest, and other relief;

WHEREAS, Intelenet expressly denies that it has committed any wrongdoing or violated any federal, state, local or common laws, vigorously disputes the claims asserted in the Litigation, and continues to assert that it has strong and meritorious defenses to any and all such claims; and

WHEREAS, to avoid uncertainty and the expense and burdens of further litigation, and after substantial arm's-length settlement negotiations, the Class Representatives, on behalf of themselves and all other similarly situated individuals, and Intelenet (collectively, the "Parties") desire to resolve the Litigation and have negotiated a **non-reversionary, non-claims made, common fund settlement that contemplates the issuance of settlement checks to all persons meeting the definition of the Settlement Class who do not timely opt out (each, a "Participating Class Member")**.

NOW, THEREFORE, the Parties agree as follows:

1.    **Definitions.** As used in this Stipulation of Settlement, the following

58220421;1

terms have the following meanings:

a. "**Applicable Class Period**" means September 20, 2015 through the Preliminary Approval Date for At-Home Worker Settlement Class Members, and January 27, 2017 through the Preliminary Approval Date for Brick-and-Mortar Worker Settlement Class Members.

b. "**Attorneys' Fees and Lawsuit Costs**" means the amount to be paid to Class Counsel from the QSF for attorneys' fees and litigation expenses, pursuant to Class Counsel's motion and subject to the Court's approval and the terms described in Section 7 below.

c. "**Claims Administrator**", "Settlement Administrator" or "Administrator" means Simpluris, Inc.

d. "**Claims Administrator Fees and Costs**" means a reasonable amount to be paid to the Claims Administrator from the QSF for administering the Settlement, subject to the Court's approval and the limitations described in Section 9 below.

e. "**Class Counsel**" means Jason T. Brown and Nicholas Conlon of Brown, LLC, and Jason J. Thompson and Rod M. Johnston of Sommers Schwartz, P.C.

f. "**Class List**" means a list containing each Class Member's name and (current or last known) street address, telephone number, and email address (if available) that Intelenet shall make a reasonable and good faith effort to collect from its records, and which it shall then provide to the Claims Administrator, as described in Section 11.

g. "**Class Members**" means, collectively, the individuals falling within the Settlement Classes, as described in Section 4 below.

h. "**Class Representatives**" means Jasmine Clark, Simone Legree, Anjelica Pickett, Mindy Church, and Taylor Fett, the named Plaintiffs in

the Litigation.

i.    "**Court**" means the Honorable Madeline Cox Arleo, United States District Court Judge for the United States District Court for the District of New Jersey, or any other Judge to whom the case is reassigned.

j.    "**Effective Date**" means: (i) if no objection to the Settlement was raised before the Court, the date on which the Court enters the Final Approval Order; (ii) if an objection to the Settlement was raised before the Court, the last date on which a notice of appeal from the Final Approval Order may be timely filed, assuming none is filed; (iii) if an objection to the Settlement was raised before the Court and if any appeal from the Final Approval Order was timely filed, the date on which all such appeals (including, *inter alia*, petitions for rehearing or re-argument, petitions for rehearing *en banc*, and petitions for certiorari or any other form of review) have been finally adjudicated and the Final Approval Order can no longer be appealed or reviewed.

k.    "**Estimated Settlement Payment**" means an estimate of each Class Member's Final Settlement Payment (before applicable (non-employer side) payroll deductions and other required withholdings), to be calculated by the Claims Administrator, as described in Section 5(b), based on the allocation formula attached as Exhibit B.  The Estimated Settlement Payment shall be calculated based on the assumption that no persons who fall within the definition of the Settlement Classes will opt out of the Settlement.

l.    "**Final Approval Hearing**" means the final hearing scheduled before the Court on the question of whether the Settlement, including payment of Attorneys' Fees and Lawsuit Costs, Claims Administrator Fees and Costs, and Service Payments (all to be paid from the QSF), should be finally approved as fair, reasonable and adequate as to the Class Members.

m.    "**Final Approval Motion**" means the request for a Final

4

STIPULATION OF SETTLEMENT

Approval Order.

n.    "**Final Approval Order**" means the Court's order granting final approval of the Settlement, which shall be substantially in the form of the attached Exhibit E.

o.    "**Final Settlement Payment**" means, for each Participating Class Member, his or her individual settlement payment, to be calculated by the Claims Administrator as described in Section 5(d) below, and from which the Participating Class Member's share of payroll taxes and any other required withholdings shall be deducted.

p.    "**FLSA**" means the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

q.    "**FLSA Released Claims**" means any and all claims, demands, rights, liabilities, and causes of action that were asserted in the Litigation or could have been asserted in the Litigation based on the facts alleged in the Litigation, for any and all types of relief under the FLSA, including without limitation claims under any legal theory for failure to pay minimum wage, failure to pay overtime, failure to pay for all hours worked, and any and all claims for recovery of compensation, overtime pay, minimum wage, liquidated damages, interest, and/or penalties tied to such claims,  that arose or accrued at any time during the Applicable Class Period, arising from the Class Member's employment with Intelenet. The definition of FLSA Released Claims does not include any claims, obligations, demands, actions, rights, causes of action or liabilities that cannot be released as a matter of law.

r.    "**Gross Settlement Amount**" means an aggregate sum not to exceed One Million Seven Hundred Thousand Dollars and 0/100 Cents ($1,700,000.00), to be paid by Intelenet to fund the QSF. The Gross Settlement Amount covers distributions to Participating Class Members, Participating Class

58220421;1

Members' shares of payroll taxes and any other required withholdings, Claims Administrator Fees and Costs, Service Payments, and Attorneys' Fees and Lawsuit Costs. The Gross Settlement Amount does not include employer-side payroll social security and Medicare taxes and withholdings for wage payments under this Stipulation of Settlement, which Intelenet agrees to pay separately.  In no event shall Intelenet be required to pay any amount in excess of the Gross Settlement Amount, except that Intelenet will separately pay the employer payroll social security and Medicare taxes due for the wages payments made under this Stipulation of Settlement.

s.    "**Litigation**" means *Jasmine Clark and Simone Legree v. Intelenet America, LLC*, Case No. 2:18-cv-14052-MCA-JSA (D.N.J.) and *Anjelica Pickett, Mindy Church, and Taylor Fett v. Intelenet America, LLC*, Case No. 2:19-cv-04574-PBT (E.D. Pa.).

t.    "**Net Settlement Amount**" means the remainder of the Gross Settlement Amount, which shall be used to pay the Participating Class Member Final Settlement Payments, after deductions for Court-approved Attorneys' Fees and Lawsuit Costs, Court-approved Service Payments, and Court-approved Claims Administrator Fees and Costs.

u.    "**Non-FLSA Released Claims**" means any and all claims, demands, rights, liabilities, and causes of action that were asserted in the Litigation or could have been asserted in the Litigation based on the facts alleged in the Litigation, for any and all types of relief under all federal, state, local or common laws **(other than the FLSA)** governing wages, compensation, hours worked, the provision of meal and rest periods, and/or the maintenance of payroll records and the furnishing of accurate wage statements, including without limitation claims under any legal theory for failure to pay minimum wage, failure to pay overtime, failure to pay for all hours worked, failure to provide timely or complete meal and

STIPULATION OF SETTLEMENT

58220421;1

rest periods, failure to timely pay final wages, failure to reimburse for business expenses, and/or failure to furnish accurate wage statements, wage notices or other notices, and any and all claims for recovery of compensation, overtime pay, minimum wage, liquidated damages, interest, and/or penalties tied to such claims, that that arose or accrued at any time during the Applicable Class Period, arising from the Class Member's employment with Intelenet. The definition of Non-FLSA Released Claims does not include any claims, obligations, demands, actions, rights, causes of action or liabilities that cannot be released as a matter of law.

v.    "**Notice Package**" means, for each Class Member, the package compiled by the Claims Administrator, which shall include the Notice (with a pre-printed Request for Exclusion form) and a postage-paid, pre-addressed return envelope that the Class Member may use to submit the Request for Exclusion to the Claims Administrator.

w.    "**Notice**" means the form of notice attached as part of Exhibit A, which will be separately printed to specify each receiving Class Member's Estimated Settlement Payment.

x.    "**Notice Period**" means the later of: (i) the forty-five (45) calendar day period beginning immediately after the Claims Administrator first mails and/or emails the Notice Package to any of the Class Members; or (ii) if a Notice Package is returned as undeliverable, and such Notice Package is re-mailed, the Class Member shall be provided the remainder of the forty-five (45) calendar days or twenty (20) calendar days after the re-mailing of such forms, whichever is longer, as described in and subject to the outer limit specified in Section 12(e). Both periods are to run continuously, without interruption or extension.

y.    "**Participating Class Members**" means Class Members who do not exclude themselves by submitting a valid Request for Exclusion.

z.    "**Parties**" means Intelenet and the Class Representatives,

STIPULATION OF SETTLEMENT

1   acting on behalf of themselves and all other similarly situated individuals.

2           aa.    "**Preliminary Approval Date**" means the date the Preliminary

3   Approval Order is entered by the Court.

4           bb.    "**Preliminary Approval Motion**" means the request for a

5   Preliminary Approval Order.

6           cc.    "**Preliminary Approval Order**" means the Court's order

7   preliminarily approving this Settlement, which shall be substantially in the form of

8   the attached Exhibit F.

9           dd.    "**QSF**" means the qualified settlement fund to be established

10  and administered by the Claims Administrator and funded by Intelenet for the

11  purpose of holding the amounts to fund the Settlement in its entirety in an interest-

12  bearing account. In no event shall Intelenet be required to pay an amount in excess

13  of the Gross Settlement Amount to fund the QSF (or otherwise in connection with

14  this Settlement). Any interest that accrues shall be included in the Net Settlement

15  Amount. The QSF will be controlled by the Claims Administrator subject to the

16  terms of this Settlement and the Court's orders.

17          ee.    "**Request for Exclusion**" means a written, signed statement

18  that an individual Class Member has decided to opt-out and not be included in this

19  Settlement. Requests for Exclusion must conform to the requirements described in

20  Section 12(h).  Class Members may, but need not, use the Request for Exclusion

21  form included with the Notice Package, so long as the Request for Exclusion

22  received satisfies such requirements.

23          ff.    "**Service Payments**" means the court-approved payments from

24  the QSF to Class Representatives Jasmine Clark, Simone Legree, Anjelica Pickett,

25  Mindy Church, and Taylor Fett.

26          gg.    "**Settlement**" means the terms described in this Stipulation of

27  Settlement.

28
                                        8

58220421;1

hh.    **"Settlement Check"** means the check that each Participating Class Member will receive, equaling the amount of that Participating Class Member's Final Settlement Payment, less his or her share of applicable taxes and other required withholdings, to be sent by the Claims Administrator, as described in Section 12(i).

ii.    **"Settlement Class"** means the Class Members described in Section 4 below.

jj.    **"Intelenet's Counsel"** means Eric A. Gordon and Sarah Lis of Akerman LLP.

kk.    **"Released Parties"** means Intelenet and any and all of Intelenet's past, present, and future parents, subsidiaries, affiliates, divisions, predecessors and successors in interest, and each of their collective or respective past, present, and future shareholders, officers, partners, directors, legal representatives, members, principals, managers, employees, fiduciaries, trustees, employee retirement or benefit plans (and the trustees, administrators, fiduciaries, agents, representatives, insurers and re-insurers of such plans), agents, insurers, re-insurers, heirs, administrators, executors, successors or predecessors in interest, and assigns, each whether acting in his or her official or individual capacity, and all persons and/or entities acting by, through, under, or in concert with any of them and any individual or entity which could be jointly liable with any of them, each whether acting in his or her official or individual capacity.

2.    **Gross Settlement Amount.**  Intelenet shall pay no more than the Gross Settlement Amount of One Million Seven Hundred Thousand Dollars and 0/100 Cents ($1,700,000.00) to resolve the Litigation. It is anticipated that the Gross Settlement Amount shall be allocated as follows: (a) an approximate minimum of $1,007,422.28, which will be available to pay distributions to Participating Class Members; (b) up to $598,077.72 for Attorneys' Fees and Costs

58220421;1

(subject to the Court's approval, as described in Section 7); (c) up to $44,500.00 in Service Payments (subject to the Court's approval, as described in Section 8); and d) up to $50,000 in Claims Administrator Fees and Costs (subject to the Court's approval, as described in Section 9).   If the Court reduces the Attorneys' Fees and Lawsuit Costs, Service Payments, and/or Claims Administrator Fees and Costs awards, the difference shall be allocated to the Participating Class Members (if the lesser amount of the Attorneys' Fees and Lawsuit Costs, Service Payments, and/or Claims Administrator Fees and Costs awards is finally determined prior to issuance of the Settlement Checks). Under no circumstances shall Intelenet be required to pay anything more than the Gross Settlement Amount, except that Intelenet will separately pay the employer payroll social security and Medicare taxes due for the wages payments made under this Stipulation of Settlement.

3.    **No Admission of Liability and No Concession as to the Merits.**

a.    Intelenet expressly denies that it violated the law in any manner alleged in or related to the Litigation. The Parties enter into this Stipulation of Settlement to avoid the risks, uncertainty, expense and burden of further litigation. This Settlement shall not be construed or deemed to be an admission of liability or wrongdoing on the part of Intelenet.

b.    This Settlement is for settlement purposes only. This Settlement, and any negotiations, documents or proceedings related thereto (including implementation thereof), shall not be construed as, nor deemed to be evidence of, any admission or concession by any of the Parties or any other person regarding liability or the appropriateness of class treatment, and shall not be offered or received as argument or evidence in any action or proceeding by any person for any purpose whatsoever; provided, however, that this Settlement may be presented to the Court in connection with its implementation or enforcement.

c.    As part of their Motion for Preliminary Approval of this

STIPULATION OF SETTLEMENT

58220421;1

Settlement, Class Representatives shall request certification of the Settlement Classes for settlement purposes only. Certification of the Settlement Classes shall not constitute an admission of any kind by the Released Parties, including, without limitation, that certification of a class for trial purposes is appropriate or proper or that Class Representatives could establish any of the requisite elements for class or collective treatment of any of the claims on a contested basis. In the event that the Settlement is not finally approved or is otherwise terminated or rendered null and void, then certification of the Settlement Classes shall be automatically vacated and shall not constitute evidence or a binding determination that the requirements for certification of a class or collective for trial purposes are satisfied. In such circumstances, Intelenet expressly reserves all rights to challenge class/collective certification for any purpose and on all available grounds as if no class or collective had been certified for settlement purposes in this Litigation.

4. **Settlement Classes.**

a. The At-Home Worker Settlement Class (for purposes of Fed. R. Civ. Proc. 23 and 29 U.S.C. Section 216(b)) consists of all persons employed by Intelenet as hourly home-based call center workers, including, but not limited to: Agents, Associates, Call Center Representatives and Travel Care Professionals at any time during the Applicable Class Period. This definition does not include call center workers who are or previously worked from home on a temporary or permanent basis due to the COVID-19 pandemic.

b. The Brick-and-Mortar Worker Settlement Class (for purposes of Fed. R. Civ. Proc. 23 and 29 U.S.C. Section 216(b)) all persons employed by Intelenet in a brick-and-mortar call center as hourly call center workers, including, but not limited to: Agents, Associates, Call Center Representatives and Travel Care Professionals at any time during the Applicable Class Period. This definition includes call center workers who are or previously worked from home on a

58220421;1

1    temporary or permanent basis due to the COVID-19 pandemic.

2        5.    **Determining Estimated Settlement Payments and Participating**

3    **Class Member Final Settlement Payments.**

4            a.    The Claims Administrator shall calculate each Class Member's

5    Estimated Settlement Payment and each Participating Class Member's Final

6    Settlement Payment using the allocation formula attached as Exhibit B.

7            b.    As soon as commercially practicable after the Claims

8    Administrator receives the Class List, the Claims Administrator shall calculate

9    each Class Member's Estimated Settlement Payment, assuming full participation

10   by all Class Members, and setting aside a portion of the QSF sufficient to pay

11   anticipated Service Payments, Claims Administrator Fees and Costs, and

12   Attorneys' Fees and Lawsuit Costs. The Claims Administrator shall provide its

13   calculations of the Estimated Settlement Payments to Class Counsel and to

14   Intelenet's Counsel after completing such calculations, provided, however, that the

15   Claims Administrator shall not disclose any identifying information to Class

16   Counsel for Class Members other than the Class Representatives. Class Counsel

17   and Intelenet's Counsel shall have ten (10) calendar days from receipt to review,

18   verify, and comment on the calculations provided by the Claims Administrator.

19   The Claims Administrator shall review any comments received from Class

20   Counsel and/or Intelenet's Counsel and shall finalize the calculations of the

21   Estimated Settlement Payments as soon as commercially reasonable following

22   receipt of such comments.

23           c.    The amount of each Class Member's Estimated Settlement

24   Payment will be included on that Class Member's Notice, as described in Section

25   12(a). The Notice will specify that the Estimated Settlement Payment **does not**

26   include deductions for the Class Member's share of payroll taxes.

27           d.    As soon as reasonably practicable following the Effective Date,

28

58220421;1

the Claims Administrator shall calculate the Participating Class Member Final Settlement Payments from the Net Settlement Amount, taking into account the number of Participating Class Members (i.e., those Class Members who have not excluded themselves by submitting a timely and valid Request for Exclusion to the Claims Administrator within the Notice Period) and setting aside a portion of the QSF sufficient to pay the Service Payments, Claims Administrator Fees and Costs, and Attorneys' Fees and Lawsuit Costs. The Claims Administrator shall allocate fifty percent (50%) of each Participating Class Members' Final Settlement Payments as "wages" and the other fifty percent (50%) to "penalties."

e.     The Claims Administrator shall provide its calculations of the Final Settlement Payments to Class Counsel and to Intelenet's Counsel as soon as reasonably practicable, provided, however, that the Claims Administrator shall not disclose any identifying information to Class Counsel for Class Members other than the Class Representatives. Class Counsel and/or Intelenet's Counsel shall have ten (10) calendar days from receipt to review, verify, and comment on the calculations provided by the Claims Administrator. The Claims Administrator shall review any comments received from Class Counsel and/or Intelenet's Counsel and shall finalize the Final Settlement Payments as soon as commercially reasonable after receipt of such comments.

f.     The Claims Administrator shall mail the Settlement Checks to each Participating Class Member in accordance with Section 12(i), as soon as commercially practicable after the Effective Date.

6.     **Funding the QSF.**

a.     No later than ten (10) calendar days after notice of entry of the Preliminary Approval Order, or as soon thereafter as is commercially reasonable to comply with the Claims Administrator's instructions, Intelenet shall deposit the sum of $50,000.00 into the QSF to cover anticipated Claims Administrator notice

STIPULATION OF SETTLEMENT

1  and administrative costs, including mailing of the Notice Package to the Class

2  Members.

3  b.    No later than ten (10) calendar days after the Effective Date, or

4  as soon thereafter as is commercially reasonable to comply with the Claims

5  Administrator's instructions, Intelenet shall deposit the remainder of the Gross

6  Settlement Amount into the QSF to cover the Participating Class Member Final

7  Settlement Payments, Attorneys' Fees and Lawsuit Costs, Service Payments, and

8  the Claims Administrator's Fees and Costs.

9  7.    **Attorneys' Fees and Lawsuit Costs.**

10  a.    Class Counsel shall move for Court approval of Attorneys' Fees

11  and Lawsuit Costs in an amount which does not exceed $598,077.72, subject to the

12  limitations herein. Any Attorneys' Fees and Lawsuit Costs approved by the Court

13  shall be payable solely from the QSF. Pursuant to FRCP 23(h), Class Counsel shall

14  move for Court approval of Class Counsel's Attorneys' Fees and Lawsuit Costs

15  simultaneously with the Final Approval Motion. The Attorneys' Fees and Lawsuit

16  Costs awarded to Class Counsel shall be at the sole discretion of the Court and this

17  Settlement is not contingent upon the Court's approval of such Attorneys' Fees and

18  Lawsuit Costs.

19  b.    The Claims Administrator shall pay Attorneys' Fees and

20  Lawsuit Costs awarded by the Court to Class Counsel from the QSF no later than

21  ten (10) calendar days after the Effective Date. The Claims Administrator will pay

22  to Brown, LLC, the awarded Attorneys' Fees and Lawsuit Costs, and Brown, LLC,

23  will be responsible for distribution to Sommers Schwartz, P.C. its share of the

24  awarded Attorneys' Fees and Lawsuit Costs. Brown, LLC will provide a

25  completed Form W-9 to the Claims Administrator before the payment is made. The

26  Claims Administrator will issue to Brown, LLC a Form 1099 with respect to the

27  awarded Attorneys' Fees and Lawsuit Costs, and Brown, LLC will be responsible

28

STIPULATION OF SETTLEMENT

58220421;1

for issuing a Form 1099 to Sommers Schwartz, P.C., with respect to its share of the awarded Attorneys' Fees and Lawsuit Costs.

      c.    Payments made pursuant to this Section 7 shall be reported to all applicable taxing authorities by the Claims Administrator on IRS Form 1099-MISC.

      d.    Any portion of the Attorneys' Fees and Lawsuit Costs not approved by the Court or not sought by Class Counsel shall be added to the Net Settlement Amount and distributed to Participating Class Members in accordance with the terms of this Settlement.

8.    **Service Payments.**

      a.    Class Counsel shall move, simultaneously with the Final Approval Motion, for Court approval of Service Payments to the Class Representatives in the following amounts, which total of Forty-Four Thousand, Five Hundred Dollars and 0/100 Cents ($44,500.00):

        i.    Jasmine Clark: Fifteen Thousand Dollars and 0/100 Cents ($15,000.00);

        ii.    Simone Legree: Fifteen Thousand Dollars and 0/100 Cents ($15,000.00);

        iii.    Anjelica Pickett: Seven Thousand Five Hundred Dollars and 0/100 Cents ($7,500.00);

        iv.    Mindy Church: Three Thousand Five Hundred Dollars and 0/100 Cents ($3,500.00);

        v.    Taylor Fett: Three Thousand Five Hundred Dollars and 0/100 Cents ($3,500.00);

The Service Payments shall be at the sole discretion of the Court, and this Settlement is not contingent upon the Court's approval of the Service Payments.

      b.    Any Service Payments approved by the Court shall be payable

58220421;1

solely from the QSF. Intelenet shall not oppose Class Counsel's motion for the payment of such Service Payments, subject to the limitations herein.

c. Any Service Payments approved by the Court shall be in addition to the Participating Class Member Final Settlement Payments otherwise owed to such Class Representative. The Claims Administrator shall pay such Service Payments from the QSF no later than ten (10) calendar days after the Effective Date.

d. Service Payments made pursuant to this Section 8 shall be reported to all applicable taxing authorities by the Claims Administrator on IRS Form 1099-MISC.

e. Any portion of the Service Payments not approved by the Court shall be added to the Net Settlement Amount and distributed to Participating Class Members in accordance with the terms of this Stipulation of Settlement.

9. **Claims Administrator.**

a. The Parties have jointly selected and agreed on the Claims Administrator, who shall serve as the administrator of the Settlement and perform the services described in this Stipulation of Settlement and any other services mutually agreed to by the Parties.

b. The Parties, through their counsel, shall cooperate in good faith to resolve any disputes regarding the Claims Administrator's ability or need to perform certain duties under this Stipulation of Settlement, and any unresolved disputes shall be referred to the Court. The Claims Administrator shall create the Notice Form and other needed documentation, using the attachments to this Stipulation of Settlement and records provided by Intelenet, in accordance with this Stipulation of Settlement and orders of the Court.

c. Intelenet shall provide the Claims Administrator with certain data regarding the Class Members, in accordance with Section 11, in order for the

58220421;1

Claims Administrator to perform its duties, provided, however, that the Claims Administrator shall maintain this data as confidential. All employee identifiable data and information provided by Intelenet shall not be disclosed to the Class Representatives, Class Counsel or anyone else external to the Claims Administrator without the written consent of Intelenet. Notwithstanding the immediately preceding sentence, the Claims Administrator may share with Class Counsel data and information regarding the Class Representatives.

   d. The Claims Administrator shall provide regular reports to the Parties' counsel regarding the status of the mailing of the Notice Package to Class Members, the claims administration process and the distribution of Participating Class Member Final Settlement Payments, provided, however, that the Claims Administrator shall not disclose any identifying information to Class Counsel for Class Members other than the Class Representatives.

   e. The Claims Administrator shall be paid its reasonable and actual fees and costs from the QSF, which fees and costs shall be approximately $50,000.00 and shall be subject to being approved by the Court, upon motion to be filed by Class Counsel simultaneously with the Final Approval Motion. The Claims Administrator's fees and costs approved by the Court shall be paid to the Claims Administrator no later than twenty (20) calendar days after the Effective Date.

   f. If the Court approves less than $50,000.00 in Claims Administrator Fees and Costs, the difference shall be added to the Net Settlement Amount and distributed to Participating Class Members in accordance with the terms of this Stipulation of Settlement.

  10. **Notices Mandated by Statute.**

   a. No later than ten (10) calendar days after the date on which the Parties file the Preliminary Approval Motion, the Claims Administrator shall

58220421;1

1    prepare and mail notices of the Settlement to all "Appropriate Federal Officials"

2    and "Appropriate State Officials," as required by 28 U.S.C. § 1715, the Class

3    Action Fairness Act.

4         11.    **Information to Be Provided by Intelenet.**

5              a.    Intelenet shall work cooperatively and in good faith with Class

6    Counsel and the Claims Administrator to facilitate the notice and claims process.

7              b.    No later than ten (10) calendar days after the Preliminary

8    Approval Date, Intelenet shall provide to the Claims Administrator a Class List

9    containing each Class Member's name and (current or last known) street address,

10   telephone number, email address (if any), and Social Security number.  Intelenet

11   shall also provide the Claims Administrator with any reasonably accessible Class

12   Member employment records needed to calculate the Estimated Settlement

13   Payments and Final Settlement Payments pursuant to the formula specified in

14   Exhibit B.    Each Class Member will be assigned a unique, anonymous

15   identification number by the Claims Administrator which shall be utilized

16   consistently on all forms sent to Class Members, including the Notice, and in all

17   reports provided by the Claims Administrator to Class Counsel pursuant to this

18   Settlement.  This unique identification number can be used by Class Counsel to

19   access backup information, to the extent necessary, to answer any inquiries from

20   Class Members or Participating Class Members regarding the calculation of any

21   individual Estimated or Final Settlement Payment (i.e., the Class Member will

22   have the unique identification number from his/her Notice Package and can

23   provide it to Class Counsel in the course of any inquiry).    The Claims

24   Administrator shall maintain, at all times, a key identifying which unique,

25   anonymous identification number corresponds to each Class Member.

26             c.    The Claims Administrator shall respond to general Class

27   Member inquiries, although those seeking legal counsel regarding the Settlement

28

STIPULATION OF SETTLEMENT

1  shall be referred to Class Counsel.

2      12.  **Notice Process.**

3          a.  **Form of Notice.** The Notice provided to each Class Member

4  (substantially in the form of the attached Exhibit A) shall inform him/her of the

5  Settlement; the claims he/she is releasing by participating in the Settlement (some

6  of which are released regardless of whether he or she cashes the Settlement Check

7  unless he or she opts out); his/her right to opt out of the Settlement completely by

8  submitting a Request for Exclusion; the formula that will be used to calculate the

9  payments to Participating Class Members under the Settlement; the Estimated

10 Settlement Payment the Class Member may receive; and an identification number

11 that can be used to identify the Class Member. The Notice will explain that the

12 eventual Final Settlement Payment will be a proportionate share of the QSF, as

13 determined by the Claims Administrator pursuant to a formula and based on a

14 number of factors, including the Class Member's weeks worked.

15          b.  **Sending the Notice Package.**

16              i.  Within twenty (20) calendar days of receiving the Class

17 List, the Claims Administrator, to the extent contact information is available, shall

18 send the Notice and a postage-paid pre-addressed return envelope (which the Class

19 Member may use to submit a Request for Exclusion to the Claims Administrator

20 by first class mail) to each Class Member that has been identified.

21              ii.  The Claims Administrator shall also simultaneously

22 email a copy of the Notice to each Class Member to the extent an email address is

23 available for that Class Member.

24              iii.  Class Members may also submit a Request for Exclusion

25 to the Administrator via facsimile or email.

26          c.  **Website.** In addition to sending the Notice, as described in

27 Sections 12(a) and 12(b), the Parties agree that the Claims Administrator shall post

28

58220421;1

links to a general Notice on a website, which shall remain active until the Settlement Checks are initially issued following the Effective Date. Other than the Notice specified in this Stipulation of Settlement, no individual will be sent messages or advertisements regarding the website. A copy of the agreed upon text for the website is attached as Exhibit G.

d. **Not a Claims-Made Process.** The proceeds of the Net Settlement Amount shall be disbursed to Participating Class Members (i.e., Class Members who do not exclude themselves by submitting a Request for Exclusion, as described in Section 12(h)). Participating Class Members need not submit any claim form to receive the proceeds from this Settlement. The Notice is simply designed to inform Class Member of the Settlement, including their right to request exclusion, as well as to provide them an opportunity to update their contact information, submit a new W-4, or submit any other information which they believe should bear on the calculation of their Final Settlement Payment.

e. **Returned Notice Packages.** If a Class Member's Notice Package is returned with a forwarding address, the Claims Administrator shall promptly re-mail the Notice Package to the forwarding address. If a Class Member's Notice Package is returned without a forwarding address (or if no mailing or email address was originally made available to the Claims Administrator), the Claims Administrator shall use commercially standard and reasonable methods to determine, if feasible, the Class Member's current address, including by calling the Class Member if a telephone number is available. If a new address is obtained, the Claims Administrator shall promptly re-mail the Notice Package to the Class Member. Any Class Member whose Notice Package is re-mailed shall have the remainder of the forty-five (45) calendar days in the Notice Period or twenty (20) calendar days after the re-mailing of the Notice Package, whichever is longer, to submit a Request for Exclusion. No Notice Packages shall

58220421;1

be mailed after the Notice Period expires, unless otherwise agreed by the Parties or ordered by the Court.

f. **Declaration of Claims Administrator.** The Parties shall provide to the Court with the Final Approval Motion a declaration by the Claims Administrator detailing its due diligence and summarizing proof of mailing and/or emailing with regard to the Notice. The declaration shall also identify the number of Requests for Exclusion and any objections received.

g. **Objecting to the Settlement.** Class Members may object to the Settlement by following the instructions described in the Notice. To be valid, (i) an objection must be mailed to and postmarked or otherwise received by the Claims Administrator (via facsimile or email) no later than forty-five (45) calendar days after the initial mailing of the Notice Packages or, if a Notice Package is re-mailed, as to the Class Member receiving the re-mailing, no later than the remainder of the forty-five (45) calendar days (from initial mailing) or twenty (20) calendar days after the re-mailing of the Notice Package, whichever is longer, (ii) must identify the Class Member on whose behalf it is submitted, and (iii) must be signed by the Class Member. Class Members who submit a valid Request for Exclusion, and any other persons who do not meet the definition of the Settlement Classes, do not have standing to object to the Settlement. The Claims Administrator shall send to the Parties' counsel copies of all objections no later than two (2) business days after their receipt, and Class Counsel shall file such objections with the Court in connection with the Final Approval Motion.

h. **Exclusions from the Settlement.** Class Members may exclude themselves from the Settlement by submitting a Request for Exclusion to the Claims Administrator by following the procedures set forth below for opting out.

i. Any Class Member who chooses to opt-out of the Settlement as set forth in this Stipulation of Settlement must submit a written,

21
STIPULATION OF SETTLEMENT

58220421;1

signed statement to the Claims Administrator by first-class United States mail (postage prepaid), facsimile or email that: (1) includes his or her name, address, and telephone number; and (2) unconditionally states an intention to opt-out out of the Settlement, such as: "I request exclusion from the Intelenet At-Home/Brick-and-Mortar Workers class action Settlement."

    ii.  To be effective, a Request for Exclusion must be postmarked or otherwise received by the Claims Administrator within the Notice Period. Requests for Exclusion that are not postmarked or otherwise received by the Claims Administrator within the Notice Period are null and void, unless otherwise agreed to in writing by Intelenet. It is the responsibility of the individual submitting the Request for Exclusion to retain a copy of the Request for Exclusion and proof of timely submission.

    iii.  The Claims Administrator will stamp the postmark date or date received on the original of each Request for Exclusion that it receives. The Claims Administrator shall also send copies of all Requests for Exclusion to Class Counsel and Intelenet's Counsel no later than two (2) business days after their receipt.

    iv.  Within ten (10) days following the end of the Notice Period, the Claims Administrator shall send a final list of all Requests for Exclusion to Class Counsel and Intelenet's Counsel by email. The Claims Administrator will retain the stamped originals of all Requests for Exclusion and originals of all envelopes accompanying Requests for Exclusion in its files until such time as the Claims Administrator is relieved of its duties and responsibilities under this Stipulation of Settlement.

   i.  **Payments to Participating Class Members.**

    i.  As soon as reasonably practicable following the Effective Date, the Claims Administrator shall calculate the Final Settlement Payments for

58220421;1

the Participating Class Members, as described in Section 5(d).

           ii.     As soon as reasonably practicable following the Effective Date, the Claims Administrator shall mail to each Participating Class Member his or her Settlement Check, as described in Sections 5(d) and 12(i). An IRS Form W-2 shall be issued for the portion of the Settlement Check designated as "wages." An IRS Form 1099-MISC shall be issued for the portions of the Settlement Check designated as "penalties." The check shall be drawn upon the QSF's bank account and shall equal the Participating Class Member's Final Settlement Payment, less the Participating Class Member's share of any applicable payroll and employment taxes and other required withholdings.

           iii.     Unless the Claims Administrator has received updated contact information during the Notice Period, the Settlement Checks issued pursuant to this Section shall be mailed by the Claims Administrator to the Participating Class Member at the address to which the Notice Package was sent. If a Participating Class Member's Settlement Check is returned with a forwarding address, the Claims Administrator shall promptly issue a stop payment order on the original check, issue a new check in the same amount, and promptly mail the new Settlement Check to the forwarding address. If a Participating Class Member's Settlement Check is returned without a forwarding address, the Claims Administrator shall promptly issue a stop payment order on the original check and shall promptly seek to determine the Participating Class Member's current address (including by performing, if needed, a standard Level 2 Skip Trace in the manner that the Claims Administrator customarily performs skip traces, and, to facilitate this process, the Claims Administrator may use the Class Member's social security number, if available). If a new address is obtained, the Claims Administrator shall issue a new Settlement Check in the same amount, and promptly mail the new Settlement Check to the Class Member. If a new address is not obtained through a

STIPULATION OF SETTLEMENT

58220421;1

standard Level 2 skip tracing (or any other reasonable or customary methods available to the Claims Administrator, such as telephoning or emailing the Participating Class Member), no further effort need be taken to issue the Settlement Check to such Participating Class Member. For Class Members whose Settlement Checks are re-issued, the 180-day period during which Participating Class Members must cash their Settlement Checks will run from the date that appears on the new check. No Settlement Check shall be re-issued more than 120 calendar days after the date of the first check to that Participating Class Member, absent Intelenet's consent.

         iv.     If a Participating Class Member reports that his or her Settlement Check was lost, stolen, or undelivered, the Claims Administrator shall promptly issue a stop payment order on the original check if it has not already been cashed and, after investigating, if appropriate (e.g., the check was not already cashed), issue a new Settlement Check to such Participating Class Member.

         v.     Each Settlement Check shall expire one hundred and eighty (180) calendar days after it is dated.

         vi.     The Claims Administrator shall provide regular reports to Intelenet's Counsel and Class Counsel regarding all checks mailed and cashed, and the dates thereof.

         vii.     The Claims Administrator shall provide copies of all cashed Settlement Checks to Intelenet's Counsel.

         j.     **Payroll Taxes.** The Claims Administrator shall calculate, report and pay any applicable payroll and employment taxes and other required withholdings owed by Participating Class Members on the Final Settlement Payments, using funds from the QSF, to the applicable taxing authorities on a timely basis in accordance with applicable law.

58220421;1

k.    **Participating Class Members' and Class Counsel's Responsibility for Any Additional Taxes.**

i.    Should any taxing authority determine that any additional taxes are payable for the payments made to any Participating Class Member under this Settlement, such Participating Class Member shall be solely responsible for the payment of those taxes, plus applicable interest and any penalties.

ii.    As the Claims Administrator shall be responsible for paying the Participating Class Members' share of payroll taxes out of the QSF, to the extent that there is an error regarding the payroll taxes owed by each of the Participating Class Members, the Claims Administrator shall indemnify the Participating Class Members and Intelenet for any penalty or interest arising out of an incorrect allocation, calculation or reporting, or late payment of the same.

iii.    Any non-wage amounts paid from the QSF will be reported, if required, to the IRS on IRS Form 1099-MISC.

iv.    Class Counsel agrees that it shall be solely responsible for the payment of any and all taxes due as a result of Class Counsel's receipt of all or any part of the payments made for Attorneys' Fees and Lawsuit Costs under this Settlement.

l.    **Uncashed Settlement Checks and Other Residual Funds.** Any funds remaining in the QSF for any reason following the payment of all amounts due under this Settlement (e.g., uncashed Settlement Checks) shall first be used to satisfy any unfunded obligations under this Settlement (e.g., excess claims administration expenses) with the remainder, if any, donated to a not-for-profit charity agreed to by both Parties' counsel or, in the alternative, split equally between two charities, one at the election of Class Counsel, and one at the election of Intelenet, in the name of Intelenet.    The Claims Administrator shall make arrangements to donate any such remainder funds as soon as reasonably practicable

58220421;1

1  following the close of the Settlement Check cashing period or any other relevant

2  dissemination or accounting deadline. Intelenet shall be entitled to any tax

3  deductions associated with any such amounts paid to the charity or charities.

4    13.  **Settlement Payments Do Not Trigger Additional Benefits.** All

5  payments to Participating Class Members shall be deemed to be paid to such

6  Participating Class Members solely in the year in which such payments actually

7  are issued to the Participating Class Members (as evidenced by the Settlement

8  Check date). The Parties agree and the Participating Class Members acknowledge

9  that, notwithstanding any contrary language or agreement in any benefit or

10  compensation plan document that might have been in effect during the period

11  covered by this Settlement, the payments provided for in this Stipulation of

12  Settlement are the sole payments to be made to the Class Members with respect to

13  the claims released herein, and that the Participating Class Members are not

14  entitled to any new or additional compensation or benefits as a result of having

15  received the payments.

16    14.  **Release.**

17    a.  By operation of entry of the Final Approval Order, upon the

18  Effective Date, all Participating Class Members shall be bound by the Settlement

19  and shall be deemed to have, and shall have, forever, finally and fully released the

20  Released Parties as to all of the Non-FLSA Released Claims.

21    b.  By operation of entry of the Final Approval Order, upon the

22  Effective Date, all Participating Class Members who cash a Settlement Check shall

23  additionally be deemed to have, and shall have, forever, finally and fully released

24  the Released Parties as to all of the FLSA Released Claims.  In addition to the

25  other notice provided herein, each Settlement Check shall bear a legend, in the

26  form of Exhibit C, on the check itself summarizing the release effectuated by

27  cashing the check.  Each Settlement Check will be accompanied by a cover

28

58220421;1

correspondence in the form of Exhibit D.

        c.     Except as provided in Section 7, Class Counsel and the Class Representatives, on behalf of the Participating Class Members individually and collectively, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that he, she or they may have against the Released Parties for attorneys' fees or costs associated with Class Counsel's representation in the Litigation. Class Counsel further understand and agree that Class Counsel's Attorneys' Fees and Lawsuit Costs, as ultimately set by the Court (or any appellate court) will be the full, final and complete payment of all attorneys' fees, expenses and costs associated with Class Counsel's representation in the Litigation.

        15.    **Settlement Contingent on Court Approval.**

        a.     This Stipulation of Settlement is contingent upon the Court's approval of the Settlement. If the Court does not grant preliminary approval or final approval of the Settlement or the Effective Date does not occur, this Stipulation of Settlement may be voided at any Party's option, in which case this Stipulation of Settlement (including its Exhibits) will become null and void, and shall not be used for any purpose, including without limitation, in connection with the Litigation or any other lawsuit, administrative or other legal proceeding, claim, investigation, or complaint. In such an event, the Parties shall resume the Litigation. The Parties shall meet and confer in good faith either in person or remotely, for a period of no less than fifteen (15) days, regarding potential alternative solutions before any Party voids the Settlement.

        b.     In the event this Settlement is so voided:

        i.     The Litigation will proceed as if no settlement had been attempted and as if the Litigation had not been consolidated. In that event, any classes/collectives certified for purposes of settlement shall be decertified, and Intelenet shall retain the right to assert all applicable defenses and challenge all

58220421;1

claims and allegations, including, but not limited to, contesting whether the Litigation should be maintained as class or collective action and contesting the merits of the claims being asserted by the Plaintiffs in the Litigation. Class Members retain the right to assert all applicable claims and allegations in the ongoing action.

ii. If the Claims Administrator has already sent notice to the Class Members, the Claims Administrator shall provide notice to Class Members that the Settlement did not receive final approval and that, as a result, no payments will be made to Participating Class Members under the Settlement. Such notice shall be mailed and emailed to the Class Members using the addresses used by the Claims Administrator in sending the Notice, and the cost of such notice shall be shared by the Parties. The Parties, in that circumstance, shall agree on appropriate notification language, with any disputes resolved by the Court.

iii. If and to the extent Intelenet has funded, in whole or in part, the QSF, all such funds shall be immediately refunded to Intelenet, less the amount needed to pay one half of the Claims Administrator's actual fees and costs incurred to such date.

16. **Mutual Full Cooperation.**

a. The Parties will work in good faith with each other and the Claims Administrator to effectuate the terms of this Stipulation of Settlement, including but not limited to, preparing and executing documents necessary to implement this Stipulation of Settlement, preparing and filing a Preliminary Approval Motion, obtaining the Court's preliminary and final approval of this Stipulation of Settlement, obtaining conditional and final certification of the Settlement Classes and the appointment of Class Counsel, and defending this Stipulation of Settlement from any legal challenge.

17. **Computing Time.** All events and deadlines referenced herein shall be

28
STIPULATION OF SETTLEMENT

computed in accordance with Rule 6 of the Federal Rules of Civil Procedure.

18. **Retention of Jurisdiction.** The Court shall retain jurisdiction to implement and oversee the Settlement.

19. **Complete Agreement.** No representation, promise, or inducement has been offered or made to induce any Party to enter into this Stipulation of Settlement, which contains the entire, complete, and integrated statement of all settlement terms and supersedes all previous oral or written agreements. This Stipulation of Settlement may not be amended or modified except by a writing signed by the Parties' authorized representatives.

20. **Knowing and Voluntary Agreement.** The Parties enter into this Stipulation of Settlement knowingly, voluntarily, and with full knowledge of its significance. The Parties have not been coerced, threatened, or intimidated into signing this Stipulation of Settlement and have consulted with legal counsel regarding the Stipulation of Settlement.

21. **Notifications and Communications.** Any notifications or communications made in connection with this Stipulation of Settlement shall be sent to the Parties at the addresses of their respective counsel as follows:

*For the Class Representatives and Class Members*:

Rod M. Johnston, rjohnston@sommerspc.com
SOMMERS SCHWARTZ, P.C.
One Town Square, Suite 1700
Southfield, Michigan 48076
Telephone: (248) 355-0300
Facsimile: (248) 436-8453

Nicholas Conlon, nicholasconlon@jtblawgroup.com
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
Telephone: (877) 561-0000
Facsimile: (855) 582-5297

29
STIPULATION OF SETTLEMENT

58220421;1

1

2

*For Defendant Intelenet America, LLC*:

3

Eric A. Gordon, eric.gordon@akerman.com

4

AKERMAN LLP
777 S. Flagler Drive, Suite 1100,

5

West Tower

6

West Palm Beach, FL 33401
Telephone: (561) 653-5000

7

Facsimile: (561) 659-6313

8

9

Sarah J. Lis, sarah.lis@akerman.com
AKERMAN LLP

10

201 East Las Olas Boulevard, Suite 1800,
Fort Lauderdale, FL 33301

11

Telephone: (954) 463-2700

12

Facsimile: (954) 463-2224

13

14

22.    **Severability.** If any part of this Stipulation of Settlement is found to

15

be illegal, invalid, inoperative or unenforceable in law or equity, such finding shall

16

not affect the validity of any other part of this Stipulation of Settlement, which

17

shall be construed, reformed and enforced to effect the purposes thereof to the

fullest extent permitted by law.

18

23.    **Captions and Interpretations.** Section or paragraph titles or captions

19

contained herein are inserted as a matter of convenience and for reference, and in

20

no way define, limit, extend, or describe the scope of this Stipulation of Settlement

21

or any provision hereof. Each term of this Stipulation of Settlement is contractual

22

and not merely a recital.

23

24.    **Binding on Assigns.** This Stipulation of Settlement shall be binding

24

upon and inure to the benefit of the Parties hereto and their respective heirs,

25

trustees, executors, administrators, successors, and assigns.

26

25.    **Enforcement of Settlement; Stipulation and Governing Law.** This

27

Stipulation of Settlement will be governed by New Jersey law. The Parties agree to

28

58220421;1

submit to the jurisdiction of the Court for all proceedings, including the entry of final judgment and enforcement of this Stipulation of Settlement.

26. **Stipulation of Settlement Form and Construction.**

a. The terms and conditions of this Stipulation of Settlement are the result of lengthy, carefully considered, arm's-length negotiations between the Parties and this Stipulation of Settlement shall not be construed in favor of or against any of the Parties by reason of their participation in the drafting of this Stipulation of Settlement.

b. This Stipulation of Settlement may be executed in electronic counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one binding Stipulation of Settlement.

c. This Stipulation of Settlement shall be construed and interpreted to effectuate the intent of the Parties, which is to provide, through this Settlement, for a complete resolution of the Litigation.

27. **Parties' Authority.** The signatories hereto hereby represent that they are fully authorized to enter into this Stipulation of Settlement and bind the Parties hereto and the Class Members (subject to Court approval) to the terms and conditions thereof.


DATED: _____, 2021      INTELENET AMERICA LLC

By: _____

Its: _____

STIPULATION OF SETTLEMENT

58220421;1

DATED: _____, 2021          _____

                                     JASMINE CLARK, individually and as

                                     proposed class representative

DATED: _____, 2021          _____

                                     SIMONE LEGREE, individually

                                     and as proposed class representative

DATED: _____, 2021          _____

                                     ANJELICA PICKETT, individually

                                     and as proposed class representative

DATED: _____, 2021          _____

                                     MINDY CHURCH, individually

                                     and as proposed class representative

DATED: _____, 2021          _____

                                     TAYLOR FETT, individually and

                                     as proposed class representative

STIPULATION OF SETTLEMENT

58220421;1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATION OF SETTLEMENT

58220421;1

1

2

**APPROVED AS TO FORM:**

3

**Proposed Class Counsel:**

4

5

DATED: _____, 2021          **Brown, LLC**

6

Nicholas Conlon

7

8

By: _____

9

10

11

DATED: _____, 2021          **Sommers Schwartz, P.C.**

12

Rod M. Johnston (*pro hac vice*)

13

14

By: _____

15

16

17

**Intelenet's Counsel**

18

19

DATED: _____, 2021          **Akerman LLP**

20

Eric A. Gordon

21

22

By: _____

23

24

25

26

27

28

STIPULATION OF SETTLEMENT

58220421;1

1

05 / 17 / 2021

DATED: _____, 2021

_____

JASMINE CLARK, individually and as
proposed class representative

05 / 17 / 2021

DATED: _____, 2021

_____

SIMONE LEGREE, individually
and as proposed class representative

05 / 17 / 2021

DATED: _____, 2021

_____

ANJELICA PICKETT, individually
and as proposed class representative

05 / 16 / 2021

DATED: _____, 2021

_____

MINDY CHURCH, individually
and as proposed class representative

05 / 18 / 2021

DATED: _____, 2021

_____

TAYLOR FETT, individually and
as proposed class representative

32

STIPULATION OF SETTLEMENT

58220421;1

1
2

**APPROVED AS TO FORM:**

3
4

**Proposed Class Counsel:**

05 / 15 / 2021

5
6
7

DATED: _____, 2021          **Brown, LLC**

Nicholas Conlon

8
9

By: _Nicholas Conlon_

10

05 / 15 / 2021

11
12
13

DATED: _____, 2021          **Sommers Schwartz, P.C.**

Rod M. Johnston (*pro hac vice*)

14
15

By: _Rod Johnston_

16
17

**Intelenet's Counsel**

18
19
20

DATED: _____, 2021          **Akerman LLP**

Eric A. Gordon

21
22
23

By: _____

24
25
26
27
28

34

STIPULATION OF SETTLEMENT

Doc ID: 8d55882bb893827d6269aff03b83d8546b85e24c

1    submit to the jurisdiction of the Court for all proceedings, including the entry of

2    final judgment and enforcement of this Stipulation of Settlement.

3        26.    **Stipulation of Settlement Form and Construction.**

4            a.    The terms and conditions of this Stipulation of Settlement are

5    the result of lengthy, carefully considered, arm's-length negotiations between the

6    Parties and this Stipulation of Settlement shall not be construed in favor of or

7    against any of the Parties by reason of their participation in the drafting of this

8    Stipulation of Settlement.

9            b.    This Stipulation of Settlement may be executed in electronic

10   counterparts, and when each Party has signed and delivered at least one such

11   counterpart, each counterpart shall be deemed an original, and, when taken

12   together with other signed counterparts, shall constitute one binding Stipulation of

13   Settlement.

14           c.    This Stipulation of Settlement shall be construed and

15   interpreted to effectuate the intent of the Parties, which is to provide, through this

16   Settlement, for a complete resolution of the Litigation.

17       27.    **Parties' Authority.** The signatories hereto hereby represent that they

18   are fully authorized to enter into this Stipulation of Settlement and bind the Parties

19   hereto and the Class Members (subject to Court approval) to the terms and

20   conditions thereof.

21

22   DATED: _____5/27/2021_____, 2021    INTELENET AMERICA LLC

23                                          By: _____
                                                 A20B76EE2E584BF

24                                          Its: ____CFO_____

25

26

27

28

58220421;1

1

**APPROVED AS TO FORM:**

2

3

**Proposed Class Counsel:**

4

5

DATED: _____, 2021          **Brown, LLC**

6
                                      Nicholas Conlon
7

8
                                      By: _____
9

10

11

DATED: _____, 2021          **Sommers Schwartz, P.C.**

12
                                      Rod M. Johnston (*pro hac vice*)
13

14
                                      By: _____
15

16

17

**Intelenet's Counsel**

18

19

DATED: __5/26/2021__, 2021           **Akerman LLP**

20
                                      Eric A. Gordon
21

22                                    By: _____
                                          *Eric Gordon*
23                                        681CDCA60FEF495...

24

25

26

27

28

34

STIPULATION OF SETTLEMENT