UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASMINE CLARK and SIMONE LEGREE, individually and on behalf of all other similarly situated individuals,<br><br>   Plaintiffs,<br><br>v.<br><br>INTELENET AMERICA LLC (now known as Teleperformance Business Services US, LLC),<br><br>   Defendant. | Case No. 2:18-cv-14052-MCA-JSA |
| ANJELICA PICKETT, MINDY CHURCH, AND TAYLOR FETT, individually and on behalf of all other similarly situated individuals,<br><br>   Plaintiffs,<br><br>v.<br><br>INTELENET AMERICA LLC (now known as Teleperformance Business Services US, LLC),<br><br>   Defendant. | **DECLARATION OF JASON T. BROWN IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT** |

  I, Jason T. Brown, am over the age of eighteen (18) years, am fully competent to testify to and have personal knowledge of the matters stated herein.

1

1. I am the senior litigator and managing partner of Brown, LLC, and counsel of record in this action, along with Nicholas Conlon from my firm, and Jason J. Thompson and Rod M. Johnston from the law firm Sommers Schwartz, P.C., our co-counsel in this matter.

Case History and Settlement Description

2. Brown, LLC and Sommers Schwartz, P.C., has represented the Plaintiffs and the proposed collectives and classes through investigation and litigation of this case, dating back to September 2018.

3. Plaintiffs' Counsel's discovery and investigation has included, among other things: (1) logging over 800 hours on this litigation; (2) defending depositions; (3) reviewing voluminous time and pay records in preparation for mediation; (4) constructing damages models; (5) briefing and arguing the conditional certification motions; and (6) interviewing dozens of class members regarding their individual work experiences as CSRs. In my opinion, this investigation allowed Plaintiffs' Counsel more than enough information to evaluate the strengths and weaknesses of the case, and to properly value the claims for settlement.

4. Plaintiffs' counsel's damage model was based on data Intelenet produced reflecting the data of employement of each putative collective and class member. Plaintiffs estimated that the maximum recovery of overtime wages for

work performed off the clock to be $2,291,475.10 owed to a total of 5,117 class members, calculated based on an average of 21 minutes of unpaid time per shift and an average overtime rate of $18 per hour.

5.   The Parties engaged JAMS mediator, Hon Judge F. Holderman (Ret), a well-respected and experienced class action mediator. The settlement here was the product of in two mediation sessions with Judge Holderman on July 28, 2020 and September 2, 2020. Prior to mediation, Judge Holderman conducts an extensive pre-mediation conference to review all the issues he has seen over his many years and ensure that the session is productive and not impaired by missing information, lack of attention to settlement goals or lack of client appreciation for the process. (*See* Exhibit 1, Judge Holderman's Mediation Procedures). Plaintiffs presented Judge Holderman with extensive materials he requested, as well as a detailed summary of the case, and Plaintiffs' motions for conditional certification in two actions, which included full transcripts of the depositions of Plaintiffs Clark and Legree, declarations from a total of 14 collective/class members, and numerous policy materials and other communications involving Defendant's management. Defendant submit its own detailed summary including 332 pages of supporting materials. Lastly, as an experience jurist in class actions, Judge Holderman issues a 4-page Class Action Settlement Checklist, which ensures the parties' settlement is ready for court approval. (See Exhibit 2).

6. The Parties' Agreement provides for a non-reversionary, non-claims made, common fund settlement that contemplates the issuance of settlement checks to all persons meeting the definition of the Settlement Class who do not timely opt out (each, a "Participating Class Member"). The Gross Settlement Amount is One Million Seven Hundred Thousand Dollars and 0/100 Cents ($1,700,000.00), to be paid by Intelenet. The Gross Settlement Amount covers distributions to Participating Class Members, Claims Administrator Fees and Costs, Service Payments, Attorneys' Fees and Costs. In no event shall Intelenet be required to pay any amount in excess of the Gross Settlement Amount under the Agreement, except that Intelenet will be responsible for all employer-side payroll taxes.

7. Based on currently available data that will be updated prior to the date of final approval, the proposed settlement will provide class members with an average payment of $332.23, which is equivalent to approximately $9.27 per workweek.

8. The relief provided by the proposed settlement is reasonable, and in fact substantial, considering the costs and risks of continued litigation. The merits of the litigation were hotly contested by both sides. Defendant contested conditional certification of the FLSA Collectives, and undoubtedly would have opposed Plaintiffs' motion for Rule 23 certification of the State Law Classes. The Parties would almost certainly also have filed competing briefs for summary judgment, and

Defendant would have filed a motion to decertify the FLSA Collectives, all costly endeavors and all prior to trial. Continuing the litigation, thus, would have resulted in complex, costly, and lengthy proceedings before this Court, and possibly also before the Third Circuit, in the event of any appeals.

<u>Counsel's Qualifications</u>

9. Brown, LLC and Sommers Schwartz, P.C., have diligently investigated and prosecuted the claims in this matter, have dedicated substantial resources to the investigation of those claims, and have successfully negotiated the Settlement Agreement to the benefit of Plaintiffs and the proposed Settlement Class. In my opinion, this Settlement provides excellent value and represents very favorable resolution of this matter, and I strongly recommend approval.

10. Brown, LLC has been in existence for eight years, and represents plaintiffs nationwide in class and other complex litigation, with a focus on wage-and-hour collective and class actions, *qui tam* actions under the False Claims Act, and mass torts. Brown, LLC's Firm Resume, attached hereto as Exhibit 3, contains further information about the qualification of Brown, LLC and the attorneys and other staff who worked on this matter (primarily myself and Nicholas Conlon).

11. Sommers Schwartz, P.C. was founded over 40 years ago and is one of the preeminent contingent fee law firms in the Midwest, if not the country. The firm's primary practice areas include: employment litigation; commercial

litigation; class action litigation; medical malpractice litigation and personal injury litigation. The firm has been lead counsel and/or held positions of substantial responsibility on steering committees in lawsuits concerning antitrust violations, mass torts, defective products, dangerous drugs, wage and hour violations, and numerous other types of cases against large corporations. The firm's shareholders are experienced trial attorneys, with active cases pending in both state and federal courts throughout the country.

12. Sommers Schwartz, P.C.'s Firm Overview, attached hereto as Exhibit 4, contains further information about the qualification of Sommers Schwartz, P.C., and information about the two Sommers Schwartz, P.C. attorneys who primarily worked on this matter (Jason J. Thompson and Rod M. Johnston) are attached hereto as Exhibits 5 and 6, respectively.

## Counsel's Attorney Fees and Costs

13. The Settlement Agreement provides that simultaneously with the Final Approval Motion, Class Counsel shall move for Court approval of Attorneys' Fees and Lawsuit Costs in an amount which does not exceed $598,077.72. *See* Settlement Agreement at ¶ 7(a). This figure represents the sum of $566,666.67 in attorneys' fees (1/3 of the Gross Settlement Amount), $26,411.05 in costs incurred to date, and $5,000 in anticipated future costs. If less than $598,077.72 is awarded

in Attorneys' Fees and Lawsuit Costs, the difference shall be added to the Net Settlement Amount and distributed to Participating Class Members. (*Id.*, ¶ 7(d)).

14. Brown, LLC has spent considerable time on this litigation with a current lodestar value of over $233,000. Additionally, Brown, LLC has incurred $23,778.00 of costs to date.

15. I have reviewed Sommers Schwartz, P.C.'s billing records, which indicate the firm has spent considerable time on this litigation with a current lodestar value of over $115,416.00. Additionally, Sommers Schwartz, P.C. has incurred $2,633.05 of costs to date.

16. The two firms combined have a current lodestar value of over $348,416.00 and $26,411.05 in costs to date.

17. Both firms anticipate expending significantly more time on this matter in furtherance of the settlement, including reviewing settlement documents and calculations, responding to inquiries from Plaintiffs and other putative collective and class members, preparing the motion for final approval and for approval of attorneys' fees, costs, and service payments, appearing at the final approval hearing, and ensuring that all Plaintiffs and collective and class members receive their settlement payments. Further, Plaintiffs' counsel expects to incur additional costs, including travel costs if an in-person preliminary or final approval hearing is scheduled.

18. Brown, LLC and Sommers Schwartz, P.C. will provide the Court with a cost report and a breakdown of the hours worked and fees incurred for a lodestar cross-check in conjunction with their Motion for Court approval of Class Counsel's Attorneys' Fees and Lawsuit Costs, to be filed simultaneously with the Final Approval Motion.

19. The Settlement Agreement provides that the Claims Administrator, Simpluris, Inc., shall be paid a reasonable amount from the Gross Settlement Amount for administering the Settlement, which is estimated to be $50,000, and will be subject to approval by the Court at the final approval stage. A detailed bid and list of services has been obtained from Simpluris and attached as Exhibit 7.

### The Class Representatives

20. The Class Representatives for the settlement are Jasmine Clark, Simone Legree, Anjelica Pickett, Mindy Church, and Taylor Fett. Clark and Legree are the named Plaintiffs in the *Clark* action, and Pickett, Church, and Fett are the named Plaintiffs in the *Pickett* action.

21. The settlement provides that, subject to court approval, the Class Representatives will receive Service Payments in the following amounts: (i) $15,000 to Jasmine Clark; (ii) $15,000 to Simone Legree; (iii) $7,500 to Anjelica Pickett; (iv) $3,500 to Mindy Church; (v) and $3,500 to Taylor Fett.

22. The Service Payments are intended to compensate the Class Representatives for the cooperation and assistance they have provided to Plaintiffs' counsel in prosecuting this matter, and for the reputational and employment risks they have incurred by bringing this lawsuit in their own names. The Class Representatives have remained in regular contact with Plaintiffs' Counsel throughout this litigation, have provided detailed information about their claims, and have provided sworn declarations and supporting documents that were used as exhibits in their motions for conditional certification. Further, Plaintiffs Clark, Legree, and Pickett each participated throughout the two mediations via Zoom, and Clark and Legree both sat for in-person depositions the Spring of 2019 that lasted for 6.8 and 8.3 hours respectively, for which they spent significant time preparing, including reviewing documents and meeting in person with Plaintiffs' counsel.

I declare under penalty of perjury that the statements above are based upon my own personal knowledge, information and belief.

Dated: May 28, 2021

                                        /s/ Jason T. Brown
                                          Jason T. Brown